# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-536V
Filed: August 31, 2017

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MICHAEL HALL, * | |
| * | Dismissal; Influenza ("Flu") Vaccine; |
| Petitioner, * | Six Month Requirement. |
| * | |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

*Kevin A. Mack, Law Office of Kevin A. Mack, Tiffin, OH, for petitioner.*
*Lisa A. Watts, Esq., U.S. Dept. of Justice, Washington, DC for respondent.*

## DECISION[1]

**Roth,** Special Master:

On April 17, 2017, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that an influenza vaccination caused him to develop facial swelling, difficulty swallowing, and shortness of breath. The information in the record, however, does not show entitlement to an award under the Program. On August 31, 2017, petitioner filed a "Motion for Decision" requesting that his case be dismissed.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

ECF No. 11.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Furthermore, a petitioner must show that he has either (1) suffered the residual effects of his alleged injury for more than six months after the administration of the vaccine, (2) died from the administration of the vaccine, or (3) suffered an injury from the vaccine which resulted in inpatient hospitalization and surgical intervention. *See* § 11(c)(1)(D). Petitioner has been unable to provide records supporting an injury persisting in excess of six months.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he is eligible for compensation under 42 U.S.C. § 300aa-11(c)(1)(D)(i). **Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master